The opinion of the court was delivered by
Breaux, J.
The relator is confined in the parish prison of the *1096 city of New Orleans for violating Ordinance 3121, relating to offences and nuisances.
Section 2 of city ordinances reads:
“No person shall make a violent noise or create a disturbance or offences against public peace by intoxication or otherwise.” * *
Section 10: “Any person committing any of the offences or violating any of the provisions hereinbefore named shall be fined not less than five (5) nor more than twenty-five (25) dollars, and if the fine be not paid he shall be imprisoned for a term not exceeding ten days.”
He was committed for disturbing the public peace, to serve thirty days, and he was condemned to pay a fine of §25, and in default .of payment of the fine to remain thirty days additional in prison.
Relator petitions for a writ of certiorari, directing the recorder to send up to this court the record and all proceedings in the case, to the end that their validity may be determined. The respondent, in his return, in justification of the commitment, pleads Act 41 of 1890: “The ordinance limits the fine to the amount provided in the act.” There is no difference between the act and the ordinance, in so far as relates to the fine as imposed, and no question arises in so far ‘as relates to the fine, but there is a difference in the term of the imprisonment.
The ordinance directs an imprisonment of ten days j the statute limits the imprisonment to thirty days. Which shall govern?
If the statute is directed to the recorder, and is to be at once executed by him, it was properly enforced. If it is not, but is permissive, and authorizes the- Oity Council to lengthen the term of imprisonment to be applied when certain ordinances are violated, the latter should prevail.
Act 20 of 1882, Section V, authorizes the Oity Council to pass such ordinances and see to their faithful execution as may be necessary and proper to preserve the peace and good order of the city; also to provide for the punishment of any violation of such ordinances and regulations by fines and imprisonment or both.
The ordinances adopted by the Oity Council were authorized by this and preceding acts of the Legislature.
*1097 The policy and system to be followed in adopting ordinances with the view of maintaining municipal regulations have been left to the proper city authorities. They are given the power of subordinate legislation, and are generally authorized to order the imposition of 'fines and penalties within the limits prescribed by law.
The Act 41 of 1890 gives authority to and imposes a limitation on the City Council, but is not an authority direct to the magistrate to ■act. He is vested with jurisdiction to enforce municipal ordinances.
“The General Assembly may provide for police or magistrate’s •courts, but such courts shall not be vested with jurisdiction beyond the enforcement of municipal ordinances or as committing magistrate.” Cons., Art. 136.
He therefore enforces the ordinances of the city.
The law, Act 41 of 1890, is not self-operative, and does not for the purpose of its enforcement become a part of the municipal ordinances.
It makes it lawful for the city of New Orleans, through its Common Council, to change the term of imprisonment from ten to thirty days, but no authority is given to the officer to extend the term of the penalty of an ordinance he is called upon to enforce.
His warrant to act under the law is the ordinance of the City Council, and it is not possible for him legally to invoke Act 41 of the Legislature.
If the body of the act gives ground for discussion, the title makes the law sufficiently plain as to its object.
It reads: “ An act to authorize the city of New Orleans, through the several Recorders, to enforce obedience or to punish the violation of all ordinances passed by the Council thereof.”
Thus vesting the authority in the Council, and not in the Recorder directly.
“ To arrive at the meaning of a law, we are to weigh its terms and examine its preamble, if there be one, in order to judge of its provisions by its object and the whole context; and not to limit its interpretation to that, would appear different from its intention, either in a single portion of the law or in a single defective expression. We must prefer the' evident meaning of a whole law to the inconsistent meaning of a defective expression.” Potter’s Dwarris on Statutes and Constitutions, p. 140.
*1098 “ Every law shall embrace but one object, and that expressed in its title.” Const., Art. 29. The commitment was therefore null.
It.is ordered, adjudged and decreed that the writ of certiorari be made peremptory and all proceedings in execution of the conviction be set aside and the relator released.